# United States Court of Appeals for the Federal Circuit

2006-3160

MICHAEL V. POILLUCCI,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

Michael V. Poillucci, of St. Simons Island., Georgia, pro se.

J. Reid Prouty, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Franklin E. White, Jr., Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3160

MICHAEL V. POILLUCCI,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED: August 18, 2006

_____

Before BRYSON, Circuit Judge, ARCHER, Senior Circuit Judge, and LINN, Circuit Judge.

BRYSON, Circuit Judge.

Michael V. Poillucci appeals from a decision of the Merit Systems Protection Board regarding his eligibility for law enforcement officer retirement credit. Mr. Poillucci appealed to the Board from a decision of the Office of Personnel Management ("OPM") denying Mr. Poillucci's request for law enforcement officer retirement credit for his service with the Federal Law Enforcement Training Center. We agree with the Board that OPM's decision accorded with the statutes governing retirement credit for law enforcement officers and members of the Capitol Police, and we therefore affirm.

I

Generally, the Federal Employees' Retirement System Act provides an annuity to employees who retire after reaching age 55 and completing at least 30 years of service. 5 U.S.C. § 8412(a). However, an employee who serves in one of several specified

positions is entitled to an annuity upon retirement after completing 20 years in such a position if the employee retires after reaching age 50, or after completing 25 years in such a position regardless of the employee's age at retirement. 5 U.S.C. § 8412(d).

Prior to 1990, those early retirement benefits were accorded to employees who completed the required years of service as a "law enforcement officer or firefighter." In that year, Congress enacted the Capitol Police Retirement Act, Pub. L. No. 101-428, 104 Stat. 928 (1990), which amended 5 U.S.C. § 8412(d) to extend the early retirement benefit to any employee who completed the required years of service as a "law enforcement officer, member of the Capitol Police, or firefighter."

For purposes of the early retirement benefit, section 8401(17) of title 5 provides that a "law enforcement officer" receives law enforcement officer retirement credit for time served in either a primary or secondary law enforcement position. Primary positions are those in which the employee is directly performing the duties of a law enforcement officer, such as investigating or apprehending criminals. 5 U.S.C. § 8401(17)(A)(i). Secondary positions are supervisory or administrative positions. Law enforcement officer retirement credit for secondary positions is available only when an employee serves at least three years in a primary law enforcement position and then transfers directly to the secondary position. Id. § 8401(17)(C). Section 8401(14) contains a similar provision for primary and secondary firefighter positions, but there is no similar provision for members of the Capitol Police.

Mr. Poillucci served as an officer with the Capitol Police beginning in January 1989. On January 27, 2002, he transferred to the position of Firearms Training Specialist for the Bureau of Alcohol, Tobacco and Firearms ("ATF") at the Federal Law

Enforcement Training Center, where he served until December 28, 2002. The question raised by Mr. Poillucci's appeal is whether he is entitled to secondary law enforcement officer retirement credit for his service at the Federal Law Enforcement Training Center.

When Mr. Poillucci took the position with ATF, the Department of the Treasury changed his retirement status to the regular Federal Employees' Retirement System ("FERS") rather than the special FERS law enforcement officer retirement status that he had enjoyed while he was a member of the Capitol Police. On March 4, 2002, Mr. Poillucci asked ATF to review his position description and classify his position as a "secondary administrative" law enforcement officer position so that he would receive law enforcement officer retirement credit for the period he was in that position. Neither ATF nor the Department of the Treasury responded to his request at that time. In January 2003, ATF became part of the Department of Justice, and Mr. Poillucci continued to press his claim that he was entitled to secondary law enforcement officer retirement credit for the period he had worked at the Federal Law Enforcement Training Center. In its responses to congressional inquiries made on Mr. Poillucci's behalf, OPM in July 2003 explained that Mr. Poillucci was not eligible for secondary law enforcement officer retirement credit because his position with the Capitol Police did not qualify as a statutory "law enforcement officer" position.

In March 2004, the Department of Justice sent a letter to Mr. Poillucci stating that his service with the Federal Law Enforcement Training Center qualified for secondary law enforcement officer retirement credit. Three months later, however, after having received contrary legal advice from OPM, the Department of Justice notified Mr. Poillucci that its March 29, 2004, letter was in error and that his service with the Law

Enforcement Training Center did not qualify for secondary law enforcement officer retirement credit.

Pursuant to 5 C.F.R. § 842.807(a), Mr. Poillucci appealed to the Merit Systems Protection Board from that decision. The Board, however, upheld the agency's ruling. The administrative judge who was assigned to Mr. Poillucci's appeal concluded that a position with the Capitol Police did not qualify as a primary law enforcement position that could serve as the basis for obtaining law enforcement officer retirement credit for time served in a secondary law enforcement position. The administrative judge reached that conclusion because he interpreted the relevant statutes as treating Capitol Police officers separately from "law enforcement officers." The full Board affirmed the administrative judge's decision. Mr. Poillucci now petitions for review by this court.

II

The government concedes that if Capitol Police officers are "law enforcement officers" within the meaning of the pertinent statutory provisions, Mr. Poillucci is entitled to secondary law enforcement officer retirement credit for his service at the Federal Law Enforcement Training Center. The government argues, however, that the Board was correct to hold that service as a member of the Capitol Police does not constitute service as a "law enforcement officer" within the meaning of the statute. If that is so, Mr. Poillucci did not transfer from a primary law enforcement position when he transferred to the Federal Law Enforcement Training Center, and he is not entitled to secondary law enforcement officer retirement credit for his service as a Firearms Training Specialist with ATF.

1. We agree with the government's interpretation of the relevant statutes. Section 8401(17) of title 5, which defines "law enforcement officer," sets forth the conditions for obtaining secondary law enforcement officer retirement credit. Section 8401(17)(C) defines "law enforcement officer" to include "an employee who is transferred directly to a supervisory position after performing duties described in [section 8401(17)(A) or (B)] for at least three years." Mr. Poillucci argues that the duties of a Capitol Police officer fit within the description of duties listed in section 8401(17)(A)(i)(I) and (II) and therefore that his service in the Capitol Police qualifies as service as a primary law enforcement officer. The problem with that argument is that when Congress first extended early retirement benefits to Capitol Police officers through the enactment of the Capitol Police Retirement Act, it did so by adding the phrase "member of the Capitol Police" to section 8412(d) rather than by including the Capitol Police within the definition of "law enforcement officer" in section 8401(17).

The fact that Congress listed the Capitol Police separately from "law enforcement officers" in section 8412(d) results in members of the Capitol Police being subject to different treatment from statutory "law enforcement officers" in certain respects, some favorable and some unfavorable. As the administrative judge pointed out, one consequence of Congress's decision to treat the Capitol Police as a separate group under the statute, rather than simply including them within the definition of "law enforcement officers," is that all members of the Capitol Police are entitled to the statutory early retirement benefits. By contrast, members of other federal law enforcement agencies are entitled to such treatment only if they satisfy the definition of "law enforcement officer," which requires that the duties of their particular positions be

primarily "the investigation, apprehension, or detention of individuals suspected or convicted of [federal] offenses" or "the protection of officials of the United States against threats to personal safety," and that those duties be "sufficiently rigorous that employment opportunities should be limited to young and physically vigorous individuals." 5 U.S.C. § 8401(17)(A). On the other hand, the separate treatment of the Capitol Police under the statute means that they are not entitled to the same benefits with respect to secondary law enforcement positions as are statutory "law enforcement officers." Thus, because members of the Capitol Police are not "law enforcement officers" under section 8401(17), there is no statutory basis for Mr. Poillucci's request for secondary retirement credit when he transferred to a supervisory or administrative position outside of his agency. Although there are specific statutory provisions granting early retirement benefits to law enforcement officers and firefighters who transfer to supervisory or administrative positions after performing law enforcement or firefighting duties for at least three years, see 5 U.S.C. § 8401(14)(B), (17)(B), there is no such provision for members of the Capitol Police who transfer to supervisory or administrative positions outside of their agency.

In sum, the statute makes clear that Mr. Poillucci is ineligible for secondary law enforcement officer retirement credit because he did not transfer from a position as a "law enforcement officer" to a secondary law enforcement position, but instead transferred from a position as a member of the Capitol Police to a secondary law enforcement position outside that agency. In light of the clear distinction in the pertinent statutory provisions regarding firefighters and law enforcement officers on the one hand,

and members of the Capitol Police on the other, we cannot hold that Mr. Poillucci is entitled to a retirement benefit that the statute does not confer.

2. Mr. Poillucci also argues that he has been deprived of due process because of the government's delay in resolving his request for law enforcement officer retirement credit. According to Mr. Poillucci, the final resolution of his case has been delayed until he "has reached an age where he is precluded from entering into the vast majority of federal law enforcement positions."

At the time Mr. Poillucci transferred from the Capitol Police, OPM had taken the position that members of the Capitol Police were not within the statutory and regulatory definition of "law enforcement officers" and therefore were not entitled to the benefits of 5 C.F.R. part 842, subpart H, including secondary law enforcement officer status. See 57 Fed. Reg. 32,685 (July 23, 1992). Mr. Poillucci challenged OPM's position on that issue, as he was entitled to do. If his challenge had succeeded, he would be entitled to the retirement credit he seeks. But the ultimate resolution of his challenge was adverse to him, and the delay in the disposition of his claim did not deny him due process.

At the outset of his service with ATF in January 2002, ATF placed him in the standard FERS retirement program and did not accord him law enforcement officer status. Although he challenged that decision in March 2002, ATF did not provide a formal response to his challenge, but instead kept him in the standard FERS retirement program throughout his tenure with the agency. In January 2003, ATF was transferred from the Department of the Treasury to the Department of Justice. Although the Department of Justice did not immediately respond to Mr. Poillucci's request for secondary law enforcement officer retirement credit, OPM replied in July 2003 to

congressional inquiries on his behalf by explaining that he was not entitled to the credit he was seeking. Moreover, while the Department of Justice in March 2004 advised Mr. Poillucci by letter that he was eligible for law enforcement officer retirement credit for the time he worked at the Federal Law Enforcement Training Center, OPM promptly corrected the Department's advice and the Department withdrew that letter in July 2004.

Under these circumstances, the delay in the final resolution of Mr. Poillucci's challenge to his retirement status did not violate his due process rights. OPM had made its position on this issue clear as early as 1992, and ATF placed Mr. Poillucci in the regular FERS retirement system from the outset of his employment with that agency. OPM set forth its position as to Mr. Poillucci's retirement status in July 2003 and again in 2004, and the Department of Justice reached a final decision on the issue in July 2004. While there was a lengthy delay leading to that final determination, the position of ATF and OPM was clear from the outset, and it would have been unreasonable for Mr. Poillucci to assume that he would succeed in his challenge to that position and to rely on that assumption in making career decisions. To the extent that he claims that he was misled by the position taken by the Department of Justice in its March 2004 letter stating that he was eligible for secondary law enforcement officer status for his service with ATF, that contention is unpersuasive. First, the Justice Department's position was withdrawn within four months in light of OPM's consistent position to the contrary, a position OPM had set forth a year earlier in its responses to the congressional inquiries made on Mr. Poillucci's behalf. Second, there is no legal basis for granting Mr. Poillucci retirement benefits to which he is not entitled by statute, even though a government agency expressed the view that he was eligible for those benefits. See Office of Pers.

<u>Mgmt. v. Richmond</u>, 496 U.S. 414 (1990) (erroneous information given by government agents regarding disability benefits, on which employee relied to his detriment, does not bar the government from denying benefits that are not statutorily authorized). We therefore uphold the decision of the Board denying Mr. Poillucci's request for secondary law enforcement officer retirement credit for the period he worked at the Federal Law Enforcement Training Center.

<u>AFFIRMED</u>.