NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3077

FRANCIS EDWARD MCGUIRE, JR.,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Francis Edward McGuire, Jr., of St. Simons, Georgia, pro se.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.  Of counsel on the brief was Margaret Wright, Office of Chief Counsel, Federal Law Enforcement Training Center, United States Department of Homeland Security.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3077

FRANCIS EDWARD MCGUIRE, JR.,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

_____

DECIDED: July 11, 2007

_____

Before MAYER, RADER, and MOORE, Circuit Judges.

PER CURIAM.

The Merit Systems Protection Board ("Board") affirmed the decision of the Federal Law Enforcement Training Center ("FLETC") denying Mr. Francis E. McGuire, Jr. secondary Law Enforcement Officer ("LEO") retirement credit. Francis E. McGuire, Jr. v. Department of Homeland Security, MSPB Docket No. AT-0831-06-0472-I-1 (Initial Decision, July 19, 2006; Final Decision, October 19, 2006). Because the Board properly found that Mr. McGuire did not serve in a primary LEO position, this court affirms.

I

Mr. McGuire claims secondary LEO retirement credit for the years he worked at the FLETC. Title 5 provides secondary LEO credit only to employees that have first worked in a primary LEO position. 5 U.S.C. § 8401(17).

Mr. McGuire worked for the United States Capitol Police ("USCP") between 1984 and 1993. On January 9, 1993, he transferred to the FLETC without a break in service. In 1999, Mr. McGuire applied for secondary LEO retirement credit based on his service at the FLETC. The FLETC approved his application in 2002. In 2006, however, the FLETC notified Mr. McGuire that the 2002 approval was in error because he was ineligible for secondary LEO credit. Mr. McGuire subsequently appealed to the Board and then to this court.

The Federal Employees' Retirement System ("FERS") grants enhanced retirement benefits to employees who qualify as LEOs. 5 U.S.C. § 8412(d)(2). Employees that complete at least three years in a primary LEO position receive a continued accrual of credit toward enhanced benefits after transferring to a secondary LEO position. 5 U.S.C. § 8401(17)(C). Primary LEO positions are individuals with primary duties including "the investigation, apprehension, or detention of individuals suspected or convicted of offenses against the criminal laws of the United States" or "the protection of officials of the United States against threats to personal safety." 5 U.S.C. § 8401(17)(A)(i)(I)-(II). Secondary LEO status may apply to supervisory and administrative positions. 5 U.S.C. § 8401.

Even though Mr. McGuire's duties as a capitol police officer included "the protection of officials of the United States," Mr. McGuire's work as a member of the USCP does not qualify for primary LEO retirement credit. This court's holding in Poillucci v. Department of Justice, 459 F.3d 1351 (Fed. Cir. 2006) thus controls this case. In Poillucci, a former member of the USCP claimed secondary LEO credit from the FLETC, just as Mr. McGuire does now. This court affirmed the Board's

interpretation of 5 U.S.C. § 8412(d) that "member[s] of the Capitol Police" are treated differently from other statutory "law enforcement officers." Poillucci, 459 F.3d at 1353-54.

Although members of the USCP receive some enhanced retirement benefits in 5 U.S.C. § 8412(d)(2), those benefits are distinct from statutory LEO employees. Id. at 1354. The Capitol Police Retirement Act ("CPRA") of 1990 added the explicit category for "member[s] of the Capitol Police" precisely because USCP employees did not receive LEO credit or LEO classification under § 8412(d). See id.; Pub.L. 101-428, § 3(a), Oct. 15, 1990, 104 Stat. 929. The CPRA did not alter the definition of a "law enforcement officer" to include USCP employees and thus USCP employees do not gain LEO status. Poillucci, 459 F.3d at 1353-54. As Poillucci makes clear, the definition of a LEO in 5 U.S.C. § 8401(17) does not apply to members of the Capitol Police. Thus, a USCP employee does not qualify as a primary LEO employee.

Mr. McGuire claims that, unlike the petitioner in Poillucci, he followed the Office of Personnel Management ("OPM") Individual Service Credit process and provided convincing evidence that his duties as a member of the USCP fell within the statutory definition of a LEO employee. Neither of these arguments effectively distinguishes Mr. McGuire's case from Poillucci. Although Mr. McGuire followed the OPM process, he still cannot receive benefits that are not authorized by statute. See Office of Personnel Management v. Richmond, 496 U.S. 414, 425-27 (1990). Poillucci makes clear that, despite the nature of Mr. McGuire's actual duties, the LEO definition in 5 U.S.C. § 8401(17) does not apply to USCP employees. 459 F.3d at 1353-54.

Because Mr. McGuire's service with the USCP did not qualify for primary LEO credit, he cannot receive secondary LEO credit based on his service with the FLETC.

For the above reasons, this court affirms the decision of the Board.